UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOHNSON,<br>　　　　Plaintiff,<br>　　v.<br>DANIEL CASTAGNOLA,<br>　　　　Defendant. | Case No. 18-cv-00583-SVK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS**<br><br>Re: Dkt. Nos. 34, 36, 37 |

Before the Court is Plaintiff Richard Johnson's motion for attorney's fees and costs. ECF 34. After prevailing on summary judgment, Plaintiff moved for $11,410 in attorney's fees and $149.25 in costs. ECF 34 at 6. Plaintiff's motion asserts that his counsel spent 39.1 hours on the case and provides a list of completed tasks without detailing how much time counsel spent on each task. *Id.* at 3-6. Defendant Daniel Castagnola opposes Plaintiff's motion based on Plaintiff's failure to provide hourly allocations for each task. ECF 36. In response, Plaintiff's reply provides a time allocation for each type of task and a revised attorney's fees request of $12,425. ECF 37 at 2-6.

Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and vacates the March 12, 2019 hearing. As explained below, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion for attorney's fees and costs.

## I.　　PROCEDURAL BACKGROUND

Defendant owns Castagnola Café & Deli in Capitola, California. ECF 23-1 at 2. Plaintiff, who uses a wheelchair and qualifies as a disabled individual, visited the café on May 30, 2017. *Id.* During that visit, Plaintiff encountered a number of unlawful barriers. *Id.* at 2–4. Based on this experience, Plaintiff filed a complaint on January 26, 2018, alleging claims under the Americans

with Disabilities Act ("ADA") and the Unruh Civil Rights Act ("Unruh Act"). *See* ECF 1.

On October 22, 2018, Plaintiff filed a motion for summary judgment based on facts deemed admitted by Defendant's failure to timely respond to Plaintiff's requests for admission. ECF 23. When Defendant failed to file an opposition to the motion for summary judgment by the November 5, 2018 deadline, the Court issued an order directing Defendant to show cause why the Court should not enter summary judgment against him. ECF 27. Both Parties responded to the Court's order to show cause. ECF 29; ECF 30; ECF 31. Defendant stated that he did not oppose Plaintiff's motion for summary judgment provided that Plaintiff's statutory damages are limited to $4,000. ECF 30 at 1. Because Defendant did not oppose Plaintiff's motion for summary judgment, the Court granted Plaintiff's unopposed motion for summary judgment and awarded Plaintiff $4,000 in statutory damages. ECF 32. The Court further ordered the Parties to meet and confer regarding the amount of attorney's fees and costs to be awarded and instructed Plaintiff to file a motion for fees and costs if no agreement was reached. *Id.*

## II. LEGAL BACKGROUND

Under the ADA, "the court or agency, in its discretion, may allow the prevailing party. . . a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205; *see also Jankey v. Poop Deck*, 537 F.3d 1122, 1129–30 (9th Cir. 2008) ("A prevailing plaintiff under the ADA 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'"). California Civil Code § 52 also provides for "any attorney's fees that may be determined by the court" when a defendant discriminates against an individual in violation of the Unruh Act. Cal. Civ. Code § 52(a).

The Court calculates attorney's fees according to "the 'loadstar' method." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (citation omitted). This requires the Court to calculate fees by starting with "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). To determine the reasonableness of an attorney's rate, "the established standard . . . is the 'rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.'" *Camacho*, 523 F.3d at 979 (citation omitted). And to determine the

number of hours for which to award fees, the court must "exclude . . . hours that were not 'reasonably expended.'" *Hensley*, 461 U.S. at 434 (quoting S.Rep. No. 94–1011, p. 6 (1976)). For example, the Court may reduce hours if it "reasonably concludes that preparation of a motion 'demanded little of counsel's time.'" *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 950 (9th Cir. 2007) (citation omitted). The party seeking fees bears the burden of providing documentation to demonstrate the reasonableness of the hours spent on the litigation. *Hensley*, 461 U.S. at 433. Specifically, the party must "submit evidence supporting the hours worked and rates claimed," and "[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.*

### III. ANALYSIS

Plaintiff seeks attorney's fees for 42.0 hours of work at rate of $350 an hour for a total of $14,700. ECF 37 at 6. Plaintiff notes that the Court should deduct $2,275 from this total to account for money that was ordered to be paid to Plaintiff's counsel by Defendant's counsel as part of a previous order to show cause. *Id.* That brings the total requested fess to $12,425. *Id.*

Plaintiff asserts that $350 per an hour is a reasonable rate for his attorney Monica Castillo. ECF 34 at 6. Plaintiff supports this rate by noting that Castillo works in the San Francisco Bay Area and has twenty years of litigation experience. *Id.* Defendant does not oppose Plaintiff's requested rate. ECF 36. Further, the Court finds that other judges have awarded fees based on similar rates in this District. *See e.g. Shaw v. Five M, LLC*, No. 16-CV-03955-BLF, 2017 WL 747465, at *5 (N.D. Cal. Feb. 27, 2017) (approving a $450 hourly rate in an ADA case). Accordingly, the Court finds that Plaintiff's requested rate of $350 is reasonable.

Plaintiff's motion asserts that Castillo spent 39.1 hours on the case. ECF 34 at 3. Although Plaintiff's motion provides a list of tasks that Castillo completed, Plaintiff's motion fails to provide the dates that Castillo completed those tasks or a breakdown of the time spent on each task. *Id.* at 3-6. Defendant's opposition points out this lack of detail and argues that without such "information it is impossible to determine whether the time spent on those 'tasks' [was] reasonable or excessive." ECF 36 at 1. Plaintiff's reply responds by providing a chart with a list of tasks, the time spent on each task and the date(s) that Castillo performed each task. ECF 37 at

3

3-6.

As a threshold matter, Plaintiff's failure to set forth details regarding the dates and time allocations for Castillo's tasks prevented Defendant from meaningfully analyzing and opposing Plaintiff's motion. Indeed, even Plaintiff's reply brief provides an inadequate level of detail. Plaintiff includes multiple tasks and multiple dates for a single time entry. *Id.* For example, Plaintiff claims 2.7 hours for (1) reviewing the Mediator's report regarding ADR violations, (2) reviewing the Court's order to show cause, (3) preparing a response to the order show cause, (3) attending two hearings and (4) reviewing the Court's orders on September 7th, 18th and 19th; October 9th and 17th; November 12th, 19th and 28th and December 20th. *Id.* at 4. Plaintiff's lack of detail inhibits the Court's ability to analyzing the reasonableness of the time spent on each task. The Court also finds that some of Plaintiff's time entries seek to recover for unreasonable tasks or an excessive amount of time spent on a task. The Court therefore reduces the hours for which Plaintiff may recover according to the chart below. *See Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (noting that if the moving party fails to provide sufficiently detailed billing records, the district court may "simply reduce[] the fee to a reasonable amount").

| Task(s) | Hours Claimed | Hours Approved | Reasoning |
|---|---|---|---|
| Prepared a request for entry of default | 0.3 | 0.0 | Plaintiff never filed a request for entry of default in this case. Plaintiff also failed to file an executed summons, so the Court cannot determine if preparation of a request for entry of default would have been appropriate. Accordingly, Plaintiff's requested time is unreasonable and excessive. |
| Engaged in several telephone calls to Defendant (prior to his representation) regarding the pending default request | 0.8 | 0.0 | Plaintiff never filed a request for entry of default in this case, so no pending default request existed to confer with Defendant about. Accordingly, Plaintiff's requested time is unreasonable and excessive. |

4

| Task(s) | Hours Claimed | Hours Approved | Reasoning |
|---|---|---|---|
| Negotiated with Defendant's counsel regarding injunctive relief | 0.2 | 0.0 | Plaintiff's first and only visit to Defendant's café was May 30, 2017. ECF 23-1 at 1. Accordingly, billing for negotiations in April 2017, one month prior to Plaintiff's visit, is unreasonable. |
| Prepared for and attended an unsuccessful mediation | 4.2 | 2.0 | Given the straight forward nature of the case, the Court finds that time spent preparing for meditation and attending the mediation is excessive, especially because Defendant did not attend the mediation (ECF 34-1 at ¶ 8). The Court has to estimate how much time Plaintiff spent for each task because Plaintiff fails to provide such detail in his motion. |
| Propounded form interrogatories, requests for documents and requests for admissions | 3.3 | 1.0 | Plaintiff attached his requests for admission to his motion for summary judgment. ECF 23-2. Such requests are approximately one and a half pages and could have been drafted efficiently given the straight forward nature of the case, counsel's experience and the number of ADA cases that Plaintiff has brought. Further, Plaintiff's motion for summary judgment relies only on his requests for admission, so it is unclear if Plaintiff's interrogatories or document requests were necessary. *See* ECF 23-1. Accordingly, Plaintiff's requested time is unreasonable and excessive. |

| Task(s) | Hours Claimed | Hours Approved | Reasoning |
|---|---|---|---|
| Review Mediator's report re ADR violations; review Court's OSC to M. Welch; prepared a response to an OSC, reviewed Defendant's counsel's response to OSC, attended two hearings regarding OSC issued to Defendant's counsel and reviewed the Court's orders | 2.7 | 1.0 | Plaintiff's task description indicates that the Court's order to show cause regarding ADR violations was directed to Defendant's counsel. ECF 37 at 4. Accordingly, Plaintiff's counsel's time spent responding that order to show cause is unreasonable. The Court must estimate how much time Plaintiff spent on the order to show cause response because Plaintiff fails to provide such detail in his motion. Similarly, the Court has no way to evaluate the time Plaintiff's counsel incurred regarding the hearings because Plaintiff failed to provide such details. |
| Reviewed Court's order to show cause regarding Plaintiff's motion for summary judgment and prepared a response to the order to show cause | 0.6 | 0.1 | The Court's order to show cause regarding Plaintiff's motion for summary judgment was directed to Defendant and did not request a response from Plaintiff. Accordingly, Plaintiff's counsel's time spent responding the order to show cause is unreasonable. The Court must estimate how much time Plaintiff spent on the order to show cause response because Plaintiff fails to provide such detail in his motion. |
| Correspondence with Defendant's counsel re proposed date for motion for fees and costs; prepared the instant motion for fees and costs, prepared reply to Defendant's opposition; attended the hearing | 8.0 | 1.5 | Based on the lack of detail in Plaintiff's motion and the role counsel's own time keeping records should have had in bringing this motion, the Court finds that the amount of time spent preparing Plaintiff's motions for fees and costs is unreasonable and excessive. The Court further reduces the time because the Court has taken this matter under submission without a hearing. |

| Task(s) | Hours Claimed | Hours Approved | Reasoning |
|---|---|---|---|
| Engaged in extensive and numerous written and verbal communications with Plaintiff Johnson regarding status during the entire course of this protracted litigation | 5.2 | 0.5 | Plaintiff seeks recovery for communications on 25 different dates. Plaintiff's failure to separate these tasks by date precludes the Court from determining their reasonableness. Further, given both Plaintiff's and his Counsel's extensive ADA litigation experience, the Court finds that the number of hours spent on case updates, without sufficient detail to tie those updates to this case, is unreasonable and excessive. |
| **Totals:** | 25.3 | 6.1 | Total Reduction: 19.2 hours |

For the reasons outlined in the chart above, the Court reduces Plaintiff's claimed hours by 19.2 hours. Accordingly, Plaintiff's approved hour total is 22.8 hours. This brings Plaintiff's total fees to $5,705 (22.8 x $350 = $7,980, reduced by $2,275).

Plaintiff seeks $149.25 in costs for $137.85 in filing fees and $11.40 in photocopying fees. ECF 34 at 6. Such costs are reasonable, and as a result, the Court awards Plaintiff $149.25 in costs.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion for attorney's fess and costs. The Court **AWARDS** Plaintiff $5,705 in fees and $149.25 in costs.

**SO ORDERED.**

Dated: February 21, 2019

SUSAN VAN KEULEN
United States Magistrate Judge