UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOHNSON,<br>Plaintiff,<br>v.<br>DANIEL CASTAGNOLA,<br>Defendant. | Case No. 18-cv-00583-SVK<br><br>**ORDER RE: AUGUST 22, 2019 ORDER TO SHOW CAUSE HEARING**<br>Re: Dkt. No. 53 |

On August 6, 2019, this Court issued an Order to Show Cause directing Defendant Daniel Castagnola ("Castagnola") and Defendant's counsel, Michael Welch ("Mr. Welch"), to appear before the Court on August 22, 2019, and show cause, if any, why they should not be held in civil contempt for failure to comply with this Court's orders of June 17, 2019, and July 24, 2019, and pay sanctions. Dkt. 53. The Court ORDERS as follows.

I.  **BACKGROUND**

In this civil action, Plaintiff filed a complaint on January 26, 2018, alleging claims under the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act ("Unruh Act"). Dkt. 1. On December 10, 2018, the Court granted Plaintiff's unopposed motion for summary judgment and awarded Plaintiff $4,000 in statutory damages. Dkt. 32; Dkt. 33. The Court also awarded Plaintiff $5,705 in fees and $149.25 in costs. Dkt. 39.

At Plaintiff's request, on March 27, 2019, this Court issued an Order directing Defendant Daniel Castagnola ("Castagnola") to appear in this Court on April 23, 2019, at 9:30 a.m. for a judgment debtor exam. Dkt. 42. After Plaintiff failed to timely serve the Court's March 27, 2019, Order on Plaintiff, the Court granted Plaintiff's unopposed request to continue the judgment debtor exam to July 23, 2019 at 10:00 a.m. Dkt. 46 ("June 17, 2019 Order"). The docket indicates that both Orders were personally served on Castagnola on July 5, 2019. Dkt. 47. On

July 23, 2019, Plaintiff's counsel appeared for the judgment debtor exam. However, both Castagnola and his counsel, Michael Welch ("Mr. Welch"), failed to appear as ordered. Dkt. 48.

The California Code of Civil Procedure authorizes courts to hold an individual who fails to appear for a judgment debtor examination in contempt, issue a warrant for her arrest and award reasonable attorney's fees to the judgment creditor. *See* Cal. Civ. Proc. Code § 708.170. Based on Castagnola's and Mr. Welch's failures to appear for the July 23, 2019 judgment debtor exam, the Court issued an Order to show cause regarding civil sanctions only as to Castagnola on July 24, 2019 ("July 24, 2019 Order"). Dkt. 49. On July 31, 2019, Plaintiff's counsel filed a declaration in support of a request for monetary sanctions in the amount of $2,106.00 for expenses incurred in preparation for the July 23, 2019 judgment debtor examination. Dkt. 50. Plaintiff's counsel also averred that while Mr. Welch had been served with the July 24, 2019 Order, Castagnola had not been served, despite numerous attempts to do so at his place of business. *Id.*

Because Plaintiff was unable to serve Castagnola with the Court's July 24, 2019 Order to show cause, the Court held a status conference on August 6, 2019. Both counsel for Plaintiff and Mr. Welch appeared. Castagnola did not appear. Mr. Welch indicated that he no longer represented Castagnola in this matter. The Court noted that Mr. Welch remained counsel of record. The Court issued an Order on August 6, 2019 directing Castagnola and Mr. Welch to appear before the Court on August 22, 2019 to show cause, if any, as to why they should not be: (1) held in civil contempt for failing to comply with this Court's June 17, 2019 Order and the July 24, 2019 Order, and (2) ordered to pay sanctions. Dkt. 53. The Court directed Plaintiff to file a supplemental declaration regarding Plaintiff's attempts to serve Castagnola with the Court's July 24, 2019 and August 6, 2019 Orders. *Id.* Plaintiff was also permitted to file a supplemental declaration regarding any additional fees and costs incurred. *Id.* The Court specifically warned Castagnola and Mr. Welch that their failures to appear at the August 22, 2019 hearing would result in civil contempt sanctions of $2,100.00 at a minimum and $5,000.00 at a maximum. *Id.*

On August 19, 2019, Plaintiff's counsel filed a supplemental declaration in support of a request for additional monetary sanctions in the amount of $1,908.00. Dkt. 56. Plaintiff's counsel averred that the additional monetary sanctions were the fees incurred in attempting to serve

2

1 Castagnola. *Id*. Plaintiff's counsel outlined his numerous attempts to serve Castagnola with this Court's July 24, 2019 and August 6, 2019 Orders. *Id*. On August 20, 2019, Mr. Welch filed a Motion to Withdraw as Castagnola's Counsel. Dkt. 57. In the motion, Mr. Welch stated that he has not been in contact with Castagnola, despite his "repeated efforts" over the past year. *Id*. On August 21, 2019, this Court issued an Order taking Defense counsel's Motion to Withdraw under submission and ordering the August 22, 2019 hearing to proceed as scheduled. Dkt. 58. At the August 22, 2019 hearing, only Plaintiff's counsel appeared. The Court has not yet ruled on the Motion to Withdraw.

## II. LEGAL STANDARD

"[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966). This power extends to magistrate judges presiding over civil consent cases. *See* 28 U.S.C. § 636(e)(4) ("In any case in which a United States magistrate judge presides with the consent of the parties . . . the magistrate judge may exercise the civil contempt authority of the district court."). To establish civil contempt, "[t]he moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999) (citation and internal quotation marks omitted). A violation is generally shown by a party's "failure to take all reasonable steps within the party's power to comply." *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006) (citation and internal quotation marks omitted). Contemnors then have the burden "to demonstrate why they were unable to comply." *F.T.C.*, 179 F.3d at 1239. The contemnor's actions need not be willful. *Reno Air Racing,* 452 F.3d at 1126, 1130. A contemnor may, however, assert a defense based on an "inability to comply with [the] judicial order." *F.T.C.*, 179 F.3d at 1239. Finally, "[a] civil contempt proceeding is considered a 'trial' within the meaning of Rule 43(a), which means that oral testimony is required." *Id.* (citing *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 495 (9th Cir.1983)).

Should a court find a party in contempt, it has discretion in deciding whether to impose sanctions. "Sanctions for civil contempt may be imposed to coerce obedience to a court order, or

to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both." *General Signal Corp. v. Donallco, Inc*., 787 F.2d 1376, 1379 (9th Cir.1986). In fashioning civil contempt sanctions, the court has the discretion to award reasonable fees and costs as a remedial measure, regardless of whether the party that is in contempt acted willfully. *Perry v. O'Donnell*, 759 F.2d 702, 704–705 (9th Cir.1985). Contempt sanctions may be awarded to the prevailing party. *Ahearn ex rel. N.L.R.B v. Int'l Longshore and Warehouse Union*, 721 F.3d 112 (9th Cir. 2013) ("The key is that contempt sanctions are available as compensation when they are awarded to the *prevailing party in the litigation*.").

## III. ANALYSIS

Here, it is undisputed that Castagnola and Mr. Welch disobeyed multiple specific and definite court orders. The Court's August 6, 2019 Order required Castagnola and Mr. Welch to appear before the Court on August 22, 2019 to show cause as to why they should not be found in civil contempt and why Plaintiff should not be awarded sanctions. Dkt. 53. The Court specifically cautioned Castagnola and Mr. Welch that failure to appear at the show cause hearing would result in a finding of civil contempt and/or sanctions. *Id*. The only response to the Court's August 6, 2019 Order was a Motion to Withdraw as Counsel filed by Mr. Welch two days before the show cause hearing was to be conducted. Dkt. 57. Beyond the sole Motion to Withdraw as Counsel, neither Castagnola nor Mr. Welch offered any explanation as to why they were not able to comply with the June 17, 2019 Order or the July 24, 2019 Order. In addition, neither Castagnola nor Mr. Welch adhered to the Court's August 6, 2019 Order, as they both failed to appear before the Court on August 22, 2019. Although Mr. Welch filed a Motion to Withdraw as Counsel and cited, among other reasons, an inability to contact Castagnola, Mr. Welch was still the counsel of record and was required to appear at the show cause hearing. The Court concludes that Castagnola violated the Court's June 17, 2019 Order, the July 24, 2019 Order, and the August 6, 2019 Order. The Court further concludes that Mr. Welch violated the Court's August 6, 2019 Order.

Accordingly, in an effort to deter further disregard for this Court's Orders, the Court hereby holds Castagnola in civil contempt and sanctions him in the amount of $3,500.00.

4

Furthermore, the Court sanctions Mr. Welch in the amount of $500.00 for his failure to follow the Court's August 6, 2019 Order.

### IV. CONCLUSION

For the foregoing reasons, the Court **ORDERS** the following:

1. Castagnola is in civil contempt of this Court for his failure to comply with: (1) this Court's June 17, 2019 Order directing him to appear for a judgment debtor exam; (2) this Court's July 24, 2019 Order directing him to show cause as to why he should not be found in civil contempt; and (3) this Court's August 6, 2019 Order directing him to show cause as to why he should not be found in civil contempt. Castagnola is SANCTIONED in the amount of **$3500.00,** payable to Plaintiff's Counsel Jonathan S. Larsen.

2. Mr. Welch of Michael Welch & Associates is SANCTIONED in the amount of **$500.00** for his failure to follow this Court's August 6, 2019 Order, payable to Plaintiff's Counsel Jonathan S. Larsen.

**SO ORDERED.**

Dated: August 29, 2019

SUSAN VAN KEULEN
United States Magistrate Judge